[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in two Counts. The first is for breach of contract and the second alleges unfair and deceptive insurance practice in violation of Connecticut General Statutes Section 38-60 and 38-61. (These statutes are now 38a-815 and 38a-816).
The Court finds the issues for the plaintiff in the First Count and for the defendant in the Second Count.
The plaintiff commenced discussions with Suburban Subaru (Suburban) in the summer of 1989 about going to work for Suburban. One of the primary reasons the plaintiff had for changing jobs (he was the service manager at another automobile dealer previously) was to shorten his working hours in order to spend more time with his wife, who had a chronic illness. She had a history of hospitalizations and her medical bills in the year or two before 1989 were quite substantial.
Because of his wife's medical situation the plaintiff was especially concerned about having medical insurance which would take effect immediately upon him beginning employment and which would also cover his wife's pre-existing condition. The plaintiff had medical coverage provided at his then current employment, which covered his wife as well. After several discussions with the service manager and the president of Suburban, an agreement was reached as to the CT Page 7571 terms of employment. The plaintiff was specifically told that there would be no problem with his wife's medical coverage. The defendant admitted they waived the standard thirty day wait for coverage but denied that it was waiving any exclusion for Mrs. Cleveland's pre-existing condition. The Court, however, accepts the plaintiff's testimony on this point as logical and credible. He expected that his wife would be likely to incur substantial medical bills, as she had in the past, and wanted to be sure she was covered, which is why he insisted on coverage commencing with his employment. He did not even want to risk going thirty days without it. In addition, relying on the representation of the defendant, he did not take advantage of COBRA provisions which would have permitted him to carry his prior insurance for eighteen months after leaving his prior job.
With this agreement, the plaintiff started to work for Suburban in August, 1989. His wife was hospitalized shortly thereafter at Manchester Memorial Hospital from September 27, 1989 through November 5, 1989. The medical bills for this hospitalization and related medical expenses total $22,807.10. (plaintiff's exhibits 1 through 5).
These bills were sent to the administrator for Suburban's medical plan, Harbor Medical, Inc. in Boston, Mass. At first the bills were not paid because, it was explained, Harbor Medical, Inc. had suffered an embezzlement, leaving it unable to pay bills. The successor to Harbor Medical, Diversified Group, ultimately notified the medical providers and the plaintiff that the bills were not payable by them because they were for a pre-existing and excluded illness.
The Court finds that the defendant, as part of its employment contract with the plaintiff agreed to provide the plaintiff and his wife with medical coverage from the date he commenced working for it and that coverage was not to exclude coverage for the wife's pre-existing illness. In reliance on Suburban's promise, the plaintiff accepted employment with it. This finding is corroborated by the fact that approximately one year ago, an employee of Suburban contacted the credit manager of Manchester Memorial Hospital in an attempt to settle the bill. The hospital, however, would not agree to less than the full amount due.
As for Count II, the plaintiff has failed to prove that Suburban was a self-insurer as defined by statute.
For the foregoing reasons judgment shall enter for the plaintiff in Count I, in the amount of $22,807.10 plus costs. CT Page 7572
BY THE COURT, Hon. Lawrence C. Klaczak Superior Court Judge